### JONATHAN DWIGHT *vs.* SPRINGFIELD CENTRE FIRE DISTRICT.

The provision in *St.* 1844, *c.* 152, § 13, that all sums of money, voted to be raised by a fire district, shall be assessed in the same manner that town taxes are assessed, authorizes the assessment of such sums upon stock, owned by an inhabitant of the district, in banks and other corporations which are established and do business in places not within the district or the State, notwithstanding the proviso, in said section, that such sums shall be assessed upon the property, real and personal, within the district.

ASSUMPSIT for money had and received.  The case was submitted to the court on the following facts agreed:

The defendants were organized as a fire district in the town of Springfield, according to the provisions of *St.* 1844, *c.* 152.  The plaintiff owns a dwelling-house and resides within the limits of said fire district.  The inhabitants of the district, at a meeting called for that purpose, passed a vote to raise a certain sum of money for the purchase of engines, &c.; the clerk of the district certified to the assessors of the town the sum so voted to be raised, and said sum was by them assessed upon said inhabitants, including the plaintiff; the collector of the town's taxes demanded of the plaintiff the amount thus assessed upon him, and he paid the same, under protest.  A part of the said tax was assessed upon the plain- tiff's personal estate, "consisting of bank and other stocks and shares in various corporations located and doing business without the limits of said fire district, and a greater part of them without the limits of the State."

*W. G. Bates,* for the plaintiff.  By *St.* 1844, *c.* 152, § 13, the sums voted to be raised by fire districts, for the purposes mentioned in § 12, "shall be assessed and collected in the same manner that the town's taxes are assessed and collected; provided, nevertheless, that the sums so voted shall be assessed upon the property within such district, both real and personal." The Rev. Sts. *c.* 7, §§ 9, 10, show what are the duties of assessors as to town taxes; and unless the plaintiff's stocks, which were taxed in this case, are exempted, the above pro- viso in *St.* 1844 can have no practical operation.

The spirit of the statute is, that the property which is to be protected from fire, and that only, shall be taxed by fire districts.

*H. Morris,* for the defendants. The stocks, which were taxed in this case, have no locality but that of the owner; and by Rev. Sts. *c.* 7, § 9, they are to be assessed to the owner, in making town taxes, in the town where he resides. Vacant land in the district would have been exempted from taxation, if the purpose of the legislature had been to tax only such property as was to be protected from fire.

WILDE, J. This case turns upon the construction of *St.* 1844, *c.* 152, § 13. The defendants were duly established and organized as a fire district, according to the provisions of that statute; and the defendant was afterwards assessed, in a tax duly raised by a vote of said district, upon his personal property, including stocks in banks and other corporations, located and doing business without the limits of the said district. His counsel contends that those stocks were not liable to taxation, not being property within the district. But it is agreed that the plaintiff had a dwelling-house and resided within the limits of the said fire district; and by the Rev. Sts. *c.* 7, § 9, "all personal estate, whether within or without this State," (except in certain cases enumerated in § 10,) "shall be assessed to the owner in the town where he shall be an inhabitant on the first day of May;" and by the said *St.* of 1844, *c.* 152, § 13, it is enacted that all sums of money that shall be voted by the inhabitants of such fire district "shall be assessed and collected in the same manner that the town's taxes are assessed and collected." The stocks in question are not included in any of the enumerated cases contained in the Rev. Sts. *c.* 7, § 10; so that it is clear that the plaintiff was liable to be taxed for these stocks in any town tax.

But it has been argued, that by the proviso the plaintiff was not liable to taxation for property not actually within the fire district; and that if such is not the construction of the section, the proviso would be of no effect. But we think this is an erroneous inference. The proviso was intended, in

our opinion, to prevent real estate and tangible property, such as goods and chattels, from being taxed, which might be within the town and without the fire district.   In all other respects, this tax was to be assessed like town taxes.   These stocks have no locality, except where the owner lives and has his domicil, and in no sense can they be considered as property not within the district.

*Plaintiff nonsuit.*